SULLIVAN, Respondent, v. RIME et al., Appellants.

(150 N. W. 556.)

(File No. 3617.   Opinion filed January 16, 1915.)

**Trusts and Monopolies—Exclusive Sale Agency Contract—Statute Prohibiting Monopolies—Violation—Pleading.**

In a suit to recover price of certain patterns sold by plaintiff's assignor to defendants, under a contract whereby defendants agreed to sell said assignor's patented and copyrighted patterns, and not to sell those of any other make, **held,** that such contract, whether regarded as an agency or a sale contract, and regardless of whether or not the patterns were patented or copyrighted, did not violate Laws 1909, Ch. 224, prohibiting trusts, monopolies, etc.; and a demurrer to a complaint alleging such contract was properly overruled.

Appeal from Municipal Court of Sioux Falls.   Hon. ALPHA F. ORR, Judge.

Action by Agnes Sullivan against Henry O. Rime, to recover purchase price of certain patterns sold by plaintiff's assignor to defendants. From an order overruling defendants' demurrer to the complaint, defendants appeal.   Affirmed.

*Robertson & Dougherty,* for Appellants.

*Morris & Caldwell,* for Respondent.

Appellant cited:   Sec. 127, Civ. Code; Laws 1909, Ch. 224; Const. Art. 17, Sec. 20; Laws 1907, Ch. 131; Standard Oil Company v. United States, 131 Sup. Ct. Rep. 502, 34 L. R. A. (N. S.) 851; Wheeler Stenzel Co. v. National W. G. Jobbers Association, 10 L. R. A. (N. S.) 980; Standard Oil Co. v. State,

10 L. R. .A (N. S.) 1026; Note to Lanyon v. Garden City Sand Co., 9 L. R. A. (N. S.) 446; Am. Tob. Co. v. U. S., 31 Sup. Ct. Rep. 632, 221 U. S. 106; Com. of Mass. v. Srauss, 11 L. R. A. (N. S.) 968; Section 1277, Civil Code; Prescott v. Bidwell, 99 N. W. 93; Merchants Ad. Sign Co. v. Sterling, 46 L. R. A. 142; 9 Cyc. 541, and note 29; XXII Am. & Eng. Ency. Law, 447; Densmore v. Schofield, 102 U. S. 375, 378; People v. Russell, 14 N. W. 568.

Respondent cited: Moroney Hardware Co. v. Goodwin Pottery Co., (Tex.) Civ. App., 120 S. W. 1088; Asher v. Commonwealth, 128 U. S. 129; Eclipse Paint & Mfg. Co. v. New Process Refining & Supply Co., (Tex.) 120 S. W. 532; Wagner v. Meakin, (C. C. A.) 92 Fed. 76; E. Bement & Sons v. National Harrow Co., 186 U. S. 70; Standard Oil Co. v. State, (Tenn.) 100 S. W. 705; California Wire Co. v. Freeman Wire Co., 71 Fed. 302.

Respondent submitted that: The state has no right to interfere with the selling conditions imposed by the owner of said letters patent and copyright. And cited: Rubber Tire Wheel Co. v. Milwaukee Rubber Wheel Co., (C. C. A. Seventh Circuit) 154 Fed. 358; Butterick Publishing Co. v. Rose, (Wis.) 124 N. W. 647; Columbia Wire Co. v. Freeman Wire Co., (C. C. A.) 71 Fed. 302; U. S. Consolidated Seeded Raisin Co. v. Griffin & Skelley, 126 Fed. 364, (C. C. A.); E. Bement & Sons v. The National Harrow Co., 186 U. S. 70. That this contract is a reasonable business arrangement, to promote the interests of the parties thereto, without the intent or tendency to injure the public. Grogan v. Chaffee, (Cal.) 27 L. R. A. (N. S.) 395, and cases there cited; D. Ghirardelli v. Hunsicker, (Cal.) 128 Pac. 1041; Walter A. Wood Co. v. Greenwood Hardware Co. 9 Am. & Eng. Ann. Cases, 902, 9 L. R. A. (N. S.) 581; Phillips v. Iola Portland Cement Co., 125 Fed. 593; Standard Fashion Co. v. Siegel-Cooper Co., (N. Y.) 43 L. R. A. 854; Colorado Wire Co. v. Freeman Wire Co., 71 Fed. 302.

McCOY, P. J. This action was brought to recover the purchase price of certain patterns sold to plaintiff's assignor, Home Pattern Company, to the defendants, under and by virtue of a written contract by the terms of which it was agreed that, in consideration of the Home Pattern Company accepting said con-

tract and thereby granting to defendants the right to deal in and sell its patented and copyrighted patterns and publications, the defendants agreed to give proper attention to said agency and not to offer for sale any other make of patterns. To the complaint, which, among other things, in substance alleged the foregoing facts, defendants interposed a general demurer on the ground that the same did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendants appeal.

The contention of appellants is that said contract, by reason of the provisions therein contained that defendants should not offer for sale any other make of patterns, is void and contrary to the provisions of chapter 224, Laws of 1909, prohibiting monopolies, and that no letters of patent or copyright can furnish immunity from said state statute. We are of the opinion that the demurrer was properly overruled. There may be some serious question, considering the provisions of said contract as a whole, whether it is in fact an agency or a sales contract. But, as we view the case, it is not material to a determination whether it be held an agency or sales contract, as the result would be the same in either case. We are of the view that the provisions of said chapter 224 have no application and were never intended to cover or include any of the questions here presented. The Home Pattern Company had the right to sell and to have sold its merchandise in this state, and had the right to procure an agent or purchaser to deal in and handle its patterns, obligated and bound by contract not to offer for sale or sell other like patterns for other parties. Whether treated as an agency or sales contract, there is nothing therein which, in the slightest degree, tends to the creation of a monopoly, or which in any manner tends to interfere with the right of any other persons to offer for sale or sell like merchandise of other makes in direct competition with the sales under the contract in question. So far as any provision of this contract is concerned, the whole world was theirs; the only limitation being that other persons handling similar patterns could not secure defendants as agents or purchasers during the continuance of the contract in question. The defendants, if they purchased said merchandise outright, did not purchase the same as consumers thereof;

but purchased the same for resale to consumers. Under such circumstances, we are of the view that the Home Pattern Company had the legal right to enter into a contract with defendants obligating them not to handle like patterns for other parties. There is no unlawful combination or monopolistic trust in such transaction, and this wholly regardless of whether or not such patterns were patented or copyrighted. Walter A. Wood Co. v. Greenwood Hardware Co., 75 S. C. 378, 55 S. E. 973, 9 L. R. A. (N. S.) 501, 9 Ann. Cas. 902.

The order appealed from is affirmed.